UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THELONIOUS SEARCY, #535985,

        Petitioner,

v.                                            CASE NO. 10-CV-11543
                                               HONORABLE NANCY G. EDMUNDS

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Thelonious Searcy ("Petitioner") was convicted of first-degree premeditated murder, assault with intent to murder, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court.  He was sentenced to life imprisonment without the possibility of parole, a concurrent term of 15 to 30 years imprisonment, and a consecutive term of two years imprisonment in 2005.

      In his habeas petition, filed by counsel, Petitioner raises claims concerning the effectiveness of trial counsel, the propriety of a photographic lineup, prosecutorial misconduct, and the sufficiency of the evidence.  For the reasons set forth, the Court finds that Petitioner is not entitled to habeas relief on his claims and denies the petition.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. Facts and Procedural History

Petitioner's convictions arise from the shooting death of Jamal Segars and the shooting assault upon Brian Minnear in Detroit, Michigan on September 5, 2004. The trial testimony indicated that Petitioner had an ongoing dispute with a man named DeAnthony Witcher who drove a silver Corvette. Petitioner had shot Witcher on a prior occasion and threatened to kill him. On the night in question, Petitioner, and perhaps additional, unidentified individuals, fired multiple gunshots at a silver Corvette occupied by the victims, apparently in a case of mistaken identity. The Court adopts the summary of the trial testimony provided by Petitioner's counsel – to the extent it is consistent with the record. *See* Pet. Brf., pp. 1-8.

Following his convictions and sentencing, Petitioner, through counsel, filed an appeal of right with the Michigan Court of Appeals asserting the following claims:

> I. The trial court violated appellant's due process rights by failing to give the jurors the proper oath after jury selection; alternatively, defense trial counsel was constitutionally ineffective in failing to object.
>
> II. The trial court violated appellant's due process rights by allowing the prosecutor to introduce ballistics evidence that the police did not disclose until after jury selection and opening statements.
>
> III. Appellant is entitled to a new trial, or at least a remand for an evidentiary hearing, based on newly discovered evidence that a key prosecution witness identifying appellant as the shooter gave perjured testimony when she stated the alleged target of the shooting was her "friend," when in fact the target was her half-brother.

The court denied relief on those claims and affirmed Petitioner's convictions. *People v. Searcy*, No. 263347, 2006 WL 3040003 (Mich. Ct. App. Oct. 26, 2006) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Searcy*, 477 Mich. 1111, 729 N.W.2d 877 (2007).

Petitioner, through counsel, subsequently filed a motion for relief from judgment with the state trial court asserting the following claims:

> I. Defense counsel deprived the defendant of his federal Sixth Amendment right to the effective assistance of counsel based on repeated instances of errors and omissions on the part of defense counsel.
>
> II. The defendant was denied his due process rights to a fair trial based on the use of an unduly suggestive photo lineup in which there was no attorney present to supervise the proceedings.
>
> III. The defendant was denied his constitutional right to a fair trial based on instances of prosecutorial misconduct where the prosecutor made inflammatory comments regarding the defendant's failure to call his wife as a witness on his own behalf, thereby prejudicing the defendant.
>
> IV. The great weight of the evidence presented by the prosecutor was insufficient to establish beyond a reasonable doubt that the defendant, Theolonious Searcy, was guilty of first-degree murder or assault with intent to murder pursuant to U.S. Const. Ams. V, VI, XIV; Mich. Const. 1963, Art. 1, §§ 17, 20.
>
> V. The defendant is entitled to post-conviction relief pursuant to M.C.R. 6.508(D).

The trial court denied the motion, ruling that Petitioner had raised an ineffective assistance of counsel claim on direct appeal and further review was barred by Michigan Court Rule 6.508 and ruling that Petitioner failed to establish cause and prejudice under Michigan Court Rule 6.508(D)(3) for not raising his claims on direct appeal of his convictions. *People v. Searcy*, No. 04-012890-01 (Wayne Co. Cir. Ct. June 24, 2009) (unpublished amended opinion). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Searcy*, No. 293056 (Mich. Ct. App. Oct. 19, 2009) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Searcy*, 485 Mich. 1127, 779 N.W.2d 517

(2010).

Petitioner, through counsel, thereafter instituted this habeas action, raising the following claims:

> I. Defense counsel deprived the defendant of his federal Sixth Amendment right to the effective assistance of counsel based on repeated instances of errors and omissions on the part of defense counsel pursuant to U.S. Const. Ams. VI, XIV; Const. 1963, art I §§17, 20.
>
> II. The defendant was denied his due process rights to a fair trial based on the use of an unduly suggestive photo lineup in which there was no attorney present to supervise the proceedings pursuant to U.S. Const. Ams. VI, XVI, Michigan Const. 1963, Art 1, §§17, 20.
>
> III. The defendant was denied his constitutional right to a fair trial based on instances of prosecutorial misconduct where the prosecutor made inflammatory comments regarding the defendant's failure to call his wife as a witness on his own behalf, thereby prejudicing the defendant's right to a fair trial pursuant to U.S. Const. Ams. VI, XIV; Mich. Const. 1963, Art. 1, Am. 17.
>
> IV. The great weight of the evidence presented by the prosecutor was insufficient to establish beyond a reasonable doubt that the defendant, Theolonious Searcy, was guilty of first-degree murder or assault with intent to murder pursuant to U.S. Const. Ams. V, VI, XIV; Mich. Const. 1963, Art. 1, §§ 17, 20.

Respondent has filed an answer to the petition contending that it should be denied because the claims are barred by procedural default. Petitioner has filed a reply to that answer.

### III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

A state court's decision is contrary to clearly established law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has recently held that "a state court's determination that a

5

claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases –

indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## V.     Discussion

Respondent contends that Petitioner's four habeas claims are barred by procedural default because Petitioner first raised those claims on post-conviction collateral review and the state courts denied relief pursuant to Michigan Court Rule 6.508(D).

Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last explained

2:10-cv-11543-NGE-CEB   Doc # 8   Filed 03/29/12   Pg 8 of 13   Pg ID 1672


state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Petitioner exhausted these claims in the state courts in his motion for relief from judgment and related appeals. The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* MICH. CT. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the state trial court clearly denied relief on procedural grounds. The trial court cited Michigan Court Rule 6.508(D) in addressing these claims, concluded that Petitioner had previously raised an ineffective assistance of trial counsel claim on direct appeal and was precluded from raising additional such issues under Michigan Court Rule 6.508 and concluding that Petitioner had not shown cause or actual prejudice under

Michigan Court Rule 6.508(D)(3) for failing to raise his claims on direct appeal of his convictions.[1] Accordingly, Petitioner's habeas claims are procedurally defaulted.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner neither alleges nor establishes cause to excuse his procedural default in his habeas petition before this Court. Moreover, even if he were to assert ineffective assistance of appellate counsel as cause (as he did in the state courts), such an argument would be unavailing. In order to establish ineffective assistance of counsel, a habeas petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984);

---

[1] With respect to the ineffective assistance of counsel claims, presumably the state trial court is referring to Michigan Court Rule 6.508(D)(2). Normally, a state court's reliance on that rule will not constitute a procedural default because the rule usually serves as a collateral estoppel rule which prohibits a trial court from reconsidering a claim which was already decided against a defendant on direct appeal. *See Knight v. Wolfenbarger*, 2011 WL 3204741, *11 (E.D. Mich. July 28, 2011) ("Because the state courts previously decided this claim on the merits, the trial court's invocation of a rule barring relitigation of the claim does not create a procedural bar to the claim" on habeas review); *David v. McQuiggin*, 2011 WL2174897, *4 (E.D. Mich. June 3, 2011). A claim that is decided on the merits on direct appeal is not defaulted for purposes of habeas review merely because the petitioner attempted to litigate the claim a second time in the state courts. *Morse v. Trippett*, 102 F. Supp. 2d 392, 402 (E.D. Mich. 2000). This case, however, is distinguishable. Petitioner's new ineffective assistance of counsel issues were neither raised nor decided against him on direct appeal. His presentation of other ineffective assistance of counsel issues on direct appeal did not "fairly present" the state courts with an opportunity to review the new issues, such that those issues were not exhausted on direct appeal. *See Wagner v. Smith*, 581 F.3d 410, 415-16 (6th Cir. 2009). "In other words, Petitioner did not exhaust his new allegations of ineffective assistance of counsel during his direct appeal, and under the trial court's interpretation of Rule 6.508(D)(2), a procedural rule independent of federal law, he was prevented from presenting these new allegations on collateral review." *Moore v. Prelesnik*, No. 2:09-CV-13862, 2011 WL 5375191, *8 (E.D. Mich. Nov. 7, 2011) (invoking procedural default under similar circumstances). Because Petitioner has no further available remedy by which to exhaust his new ineffective assistance of counsel issues, those issues are defaulted.

9

*O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must … determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance .... At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland,* 466 U.S. at 690. Judicial scrutiny of counsel's performance is thus "highly deferential." *Id.* at 689. The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome."

*Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented legitimate arguments on direct appeal concerning the jury oath, the admission of ballistic evidence, the effectiveness of trial counsel, and newly-discovered evidence. Such claims, although ultimately unsuccessful, were substantial. The claims presented in the motion for relief from judgment are not obviously stronger than the claims raised by appellate counsel on direct appeal – nor are they dead-bang winners. Petitioner has thus failed to demonstrate that appellate counsel was ineffective so as to establish cause to excuse his procedural default.

The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith*, 477 U.S. at 533; *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Lastly, Petitioner has not demonstrated that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim requires a petitioner to provide new, reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Moreover, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner has made

no such showing. His claims are thus barred by procedural default and do not warrant habeas relief.

**V.**     **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. *Id.* at 336-37. When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional rights as to his habeas claims and that

reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal could not be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.

                      s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated: March 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2012, by electronic and/or ordinary mail.

                      s/Carol A. Hemeyer
                      Case Manager